# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| | (For **Revocation** of Supervised Release) |
| v. | |
| | Case Number: **1:11-CR-00065-001** |
| **QUINCY T. MCCOVERY** | USM Number: **12035-003** |
| | **Gordon G. Armstrong, Esquire** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of standard condition 7 and the special condition as set forth in the Petition dated 4/27/2017.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 7 | Technical | |
| Special | Technical | |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

May 8, 2017
Date of Imposition of Judgment

/s/ Callie V. S. Granade
Signature of Judge

CALLIE V. S. GRANADE
SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

May 9, 2017
Date

DEFENDANT:     QUINCY T. MCCOVERY
CASE NUMBER:   1:11-CR-00065-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**EIGHT (8) MONTHS.**

☒ **The court makes the following recommendations to the Bureau of Prisons: that the defendant be imprisoned at an institution where a drug abuse treatment program is available.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at　　　　　　　　☐ a.m.　☐ p.m.　on

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on
　　☐ as notified by the United States Marshal.
　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


　　Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL
　　　　　　　　　　　　　　　　　　　　　　By
　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT:     QUINCY T. MCCOVERY
CASE NUMBER:   1:11-CR-00065-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **14 months**

☒　Special Conditions:

1) The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the Probation Office.

2) Defendant shall participate in a mental health treatment and/or counseling, specializing in anger management, as directed by the Probation Office.

3) Defendant shall obtain verifiable employment within forty-five (45) days of release from custody.

4) The Defendant shall submit his person, house, residence, vehicle(s), papers, computer(s) (as defined by 18 U.S.C., § 1030(e)(1)), or other electronic communication or data storage devices or media, business or place of employment and any other property under the defendant's control, to a search conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband, or evidence of violation of condition of release. Failure to submit to a search in accordance with this condition may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

5) Defendant shall participate in any in-patient drug abuse treatment program deemed appropriate by the Probation Office.

**For offenses committed on or after September 13, 1994**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐　The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
☐　The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, is a student, as directed by the probation officer. *(Check, if applicable.)*
☐　The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*
☒　The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

**The defendant shall not commit another federal, state or local crime.**
**The defendant shall not illegally possess a controlled substance.**
**The defendant shall comply with the standard conditions that have been adopted by this court.**
**The defendant shall also comply with the additional conditions on the attached page.**

See Page 4 for the
**"STANDARD CONDITIONS OF SUPERVISION"**

DEFENDANT: QUINCY T. MCCOVERY
CASE NUMBER: 1:11-CR-00065-001

# STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. the defendant shall cooperate, as directed by the probation officer, in the collection of DNA, if applicable, under the provisions of 18 U.S.C. §§ 3563(a)(9) and 3583(d) for those defendants convicted of qualifying offenses.